1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RICHARD WALLACE,

11              Petitioner,                No. 2:12-cv-02097 KJM KJN P

12        vs.

13    GARY R. STATON,
      Sheriff-Coroner,
14
                Respondent.               ORDER AND
15
      _____/     FINDINGS & RECOMMENDATIONS
16

17              Petitioner, a state prisoner proceeding without counsel or "pro se," has filed an

18    application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to

19    proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration

20    that makes the showing required by § 1915(a).  Accordingly, the request to proceed in forma

21    pauperis will be granted.  28 U.S.C. § 1915(a).

22              The exhaustion of state court remedies is a prerequisite to the granting of a

23    petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

24    be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

25    _____

26         [1] A petition may be denied on the merits without exhaustion of state court remedies.  28
      U.S.C. § 2254(b)(2).

                                          1

thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies,[2] because the claims have not been presented to the California Supreme Court.  See 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[3]

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Petitioner is granted leave to proceed in forma pauperis;

2.  The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies and the certificate of appealability referenced in 28 U.S.C. § 2253 should not issue.

---

[2]  The court notes that petitioner has previously filed petitions for a writ of habeas corpus, on the same or similar grounds, which were also dismissed for failure to exhaust state court remedies.  See Wallace v. Dickinson, Case No. 2:10-cv-02329 FCD KJM P; Wallace v. Superior Court, Case No. 2:09-cv-00042 GEB GGH P; Wallace v. Woodford, Case No. 2:03-00861 EJG KJM P.

[3]  Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1    These findings and recommendations will be submitted to the United States

2  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3  fourteen days after being served with these findings and recommendations, petitioner may file

4  written objections with the court.  The document should be captioned "Objections to Findings

5  and Recommendations."  Any response to the objections shall be filed and served within fourteen

6  days after service of the objections.  Petitioner is advised that failure to file objections within the

7  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

8  F.2d 1153 (9th Cir. 1991).

9  DATED:  September 6, 2012

10

11

12                              KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE

13  wall2097.103.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

3